CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 2 7 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOSEPH BOWLER, | ) | |
| Plaintiff, | ) | Civil Action No. 7:06-cv-00151 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| C/O STANLEY, et al., | ) | By: Hon. James C. Turk |
| Defendants. | ) | Senior United States District Judge |
| | ) | |

Plaintiff Joseph Bowler, a Virginia inmate acting pro se, brings this action as a civil action, pursuant to 42 U.S.C. §1983.[1] Bowler applies to proceed in forma pauperis. In his complaint, Bowler asserts that in January 2006, the defendant officers at Red Onion State Prison lost, damaged, or destroyed his personal property,[2] interfered with his mail and legal materials, called him racial names, cuffed and shackled him to his hospital bed, forced him to wear a stun belt, and refused him showers during a hospital stay for medical treatment. He also vaguely alleges that the officers are trying to kill him and his life is in danger. Upon review of the record, the court concludes that Bowler's complaint must be filed for administrative purposes only and immediately dismissed without prejudice, pursuant to 28 U.S.C. §1915(g).

As stated, Bowler has not prepaid the $250.00 filing fee required in civil actions and,

---

[1] Bowler also states that he wishes to press criminal charges against some of the officers allegedly involved in the events of which he complains. He is hereby advised that Section 1983 is not a vehicle allowing inmates to press criminal charges against state employees.

[2] Attached to the § 1983 complaint is a Virginia Tort Claim form regarding Bowler's claims that officers destroyed his property. Because the court herein denies Bowler's request to proceed in forma pauperis and dismisses the federal case without prejudice, the court will also dismiss the tort claims without prejudice. Bowler is advised that he may bring such tort claims in the local circuit court after fulfilling necessary prerequisite steps under the Virginia Tort Claims Act.

1

instead, seeks to proceed in forma pauperis. Court records indicate that Bowler has filed at least three prior civil actions, in forma pauperis, that were dismissed as malicious, frivolous, or for failure to state a claim: Bowler v. Braxton, 7:03-cv-00652 (W.D. Va. December 3, 2003)(dismissed under §1915A, failure to state a claim); Bowler v. Young, 7:03-cv-00231 (W.D. Va. April 7, 2003)(dismissed without prejudice under 28 U.S.C. §1915A(b)(1) for failure to state a claim); Bowler v. Young, 7:03-cv-00148 (W.D. Va. March 6, 2003) (dismissed without prejudice under 28 U.S.C. §1915A(b)(1) for failure to state a claim). Therefore, under 28 U.S.C. §1915(g), he is barred from filing a civil action in forma pauperis in this court unless he demonstrates that he is in imminent danger of physical harm related to his claims. A prisoner may invoke the imminent danger exception to the §1915(g) "three strikes" provision only to seek relief from a danger which is imminent at the time the complaint is filed. Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998).

All of Bowler's complaints concern past events, and Bowler does not allege facts indicating any imminent threat of physical harm related to these past deprivations. His speculation that the officers are trying to kill or otherwise harm him is not supported by the other allegations in the complaint. Indeed, these officers were either guarding him while he received medical treatment or handling his property. These acts do not vaguely suggest that they intend him harm of any kind. Thus, Bowler fails to allege facts sufficient to satisfy the "imminent danger" requirement for in forma pauperis under §1915(g), and the court will deny Bowler's request to proceed in forma pauperis under this provision. As Bowler is well aware of his three strikes and the requirement that he prepay the fee or otherwise satisfy §1915(g), the court will

file and dismiss this action without prejudice. An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 24th day of March, 2006.

/s/ James C. Turk
Senior United States District Judge